UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------------X
BUILDING SERVICE 32BJ HEALTH FUND,
MASSACHUSETTS SERVICE EMPLOYEES PENSION FUND,
SEIU NEW ENGLAND PROPERTY SERVICES TRAINING FUND,
MAINTENANCE CONTRACTORS TRUST FUND,
BUILDING SERVICE 32BJ LEGAL SERVICES FUND,

Civil. Action: 20-cv-5608

Plaintiffs,

-against-

COMPLAINT

VANGUARD GENERAL SERVICES CORPORATION,

Defendant.
-----------------------------------------------------------------------------------X

Building Service 32BJ Health Fund, Massachusetts Service Employees Pension Fund,

SEIU New England Property Services Training Fund, Maintenance Contractor Trust Fund, and

Building Service 32BJ Legal Services Fund, (the "Funds"), as and for their Complaint against the

Vanguard General Services Corporation ("Defendant") respectfully alleges as follows:

## NATURE OF ACTION

1.      This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the

Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145),

(hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act of

1947 (29 U.S.C. § 185) (hereinafter referred to as the "Taft-Hartley Act"), by an employee health,

pension, training,  trust, and legal services fund for contractual and other equitable relief under

ERISA to secure performance by an employer of specific statutory and contractual obligations to

pay the required monetary contributions to the Funds by electronic transfer, as per the contractual

and statutory requirements, and to remit required employee information in to the Funds' electronic

Employer Self-Service System ("ESS"). This Complaint alleges that by failing, refusing or

1

neglecting to pay and submit the required monetary contributions and upload the required information when due as per the Funds' rules and regulations, Defendant violated its collective bargaining agreement (the "Agreement"), the Funds' Declaration of Trust, and ERISA. Defendant is further in violation of ERISA, the Agreement, Funds' Declaration of Trust and the Funds' rules and regulations for failing to cooperate with a payroll compliance audit initiated to confirm the accuracy of Defendant's self-reported employee information.

## JURISDICTION

2.      Jurisdiction of this Court is invoked under the following statutes:

      (a)      Section 502(e)(1) and (f) of ERISA (29 U.S.C. § 1132(e)(1) and (f);

      (b)      Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185);

      (c)      28 U.S.C. Section 1331 (federal question); and

      (d)      28 U.S.C. Section 1337 (civil actions arising under an Act of Congress regulating commerce).

## VENUE

3.       Venue properly lies in this district under Section 502(e)(2) of ERISA (29 U.S.C. § 1132 (e)(2)).  Service of process may be made on Defendant in any other district in which it may be found, pursuant to Section 502(e)(2) of E.R.I.S.A. (29 U.S.C. § 1132(e)(2)).

## PARTIES

4.      The Funds are jointly-administered, multi-employer, labor-management trust funds established and maintained pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5)).  The Funds are employee benefit plans within the meaning of Sections 3(2), 3(3) and 502(d)(1) of E.R.I.S.A. (29 U.S.C. § 1002(2),(3), and 1132(d)(1)), and  multi-employer plans within the meaning of Sections

3(37) and 515 of E.RI.S.A. (29 U.S.C. §§ 1002(37) and 1145). The Funds are authorized to maintain suit as an independent legal entity under Section 502(d)(1) of ERISA (29 U.S.C. § 1132(d)(1)). The purpose of the Funds is, *inter alia*, to receive contributions from employers who are parties to collective bargaining agreements with Service Employees International Union, Local 32BJ ("Union"), to invest and maintain those monies, and to distribute benefits to those employees eligible to receive them. The Funds maintains their offices and are administered at 25 West 18th Street, New York, New York 10011, in the City, County, and State of New York.

5.      The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. § 142) and Section 3(4) of E.R.I.S.A. (29 U.S.C. § 1002(4)).  The Union maintains its offices and is administered at 25 West 18th Street, New York, New York 10011, in the City, County, and State of New York.

6.      Upon information and belief, at all times material hereto Vanguard General Services Corporation was and continues to be a Massachusetts for profit corporation having a principal place of business 795 Columbus Ave., Roxbury, Massachusetts 02120, and doing business as an employer within the meaning of Sections 3(5) and 515 of E.R.I.S.A. (29 U.S.C. §§ 1002(5) and 1145), and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185).

7.      Upon information and belief, at all times relevant  Defendant was party to a series of collective bargaining agreements  (the "Agreements") with the Union. As part of the Agreements, Defendant agreed to make benefit contributions to the Fund on behalf of employees covered by the Agreement, and to follow the Funds' Declarations of Trust and collections policies. The Agreement, Funds' Declarations of Trust and Funds' Collections Policy require that

employers also upload employee information into ESS, and then make the payments associated with this employee information. Employer self-reporting is the only way that the Fund is able to determine what contributions are owed, and for whom. To confirm the accuracy of this self-reporting, Defendant is also required by the aforementioned documents to cooperate in payroll compliance audits undertaken to confirm the accuracy of this self-reporting.

### AS AND FOR A FIRST CLAIM FOR RELIEF
### (FUND'S CLAIM FOR BREACH OF CONTRACT UNDER SECTION 301)

8.      The Funds repeat and realleges each allegation set forth in paragraphs 1 through 7 as if fully set forth herein.

9.      Pursuant to the Agreement, there became due and owing to the Funds from Defendant, benefit contributions from January 1, 2017 through the date of this filing.

10.      For the period January 1, 2017 through the date of this filing,  Defendant failed to pay the Funds no less than $65,162.06 in required contributions, in violation of the Agreement. However, this amount is based on information self-reported by date into ESS by employer. Due to Defendant's failure to upload all employee hours and cooperate with a payroll compliance audit, the Funds are unable to determine the exact amount owed to the Fund.

11.      The failure, refusal or neglect of Defendant to make the required contributions to Plaintiffs Funds constitutes a violation of the Agreements between Defendant and the Union with respect to the Funds as third-party beneficiaries.

12.      Further, for many contributions that were ultimately paid by Defendant, these payments were made late,  and Defendant is liable to the Funds for interest payments as per the Agreement, the Funds' Declaration of Trust, and the Funds' collection policies.

13.      Accordingly, Defendant is liable to the Funds for benefit contributions in the

amounts due for the periods set forth above, plus such further amounts as may become due from the present date to the date judgment is issued and that remain unpaid by Defendant, liquidated damages, plus interest, the Funds' attorney's fees and court costs incurred in collecting the delinquent contributions.

**AS AND FOR A SECOND CLAIM FOR RELIEF**
**(FUND'S CLAIM FOR BREACH OF ERISA)**

14.     The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 13 of this Complaint, as if fully set forth herein.

15.     Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay benefit contributions in accordance with the terms and conditions of the Agreements.

16.     Upon information and belief, at all times material hereto, Defendant failed to pay or timely pay and/or remit the required monetary contributions and/or reports to the Funds when due. Such failure to make payment or timely payment and/or remit reports constitutes a violation of Section 515 of ERISA (29 U.S.C. § 1145).

17.     Section 502 of ERISA (29 U.S.C. § 1132) provides that, upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. § 1145), the Court shall award to Plaintiff the unpaid benefit contributions, plus statutory damages (liquidated damages) and interest on the unpaid principal both computed at the rate provided for under the Fund's plans or, if none, as set forth in the United States Internal Revenue Code (29 U.S.C. § 6621), together with reasonable attorneys' fees and costs and distributions incurred in the action.

18.     Pursuant to the Agreement, there became due and owing to the Fund from Defendant benefit contributions from January 1, 2017 through the date of this filing.

19.     For the period January 1, 2017 through the date of this filing,  Defendant failed

to pay the Funds no less than $65,162.06 in required contributions, in violation of the Agreement. However, this amount is based on information already submitted into ESS by Defendant. Due to Defendant's failure to upload all employee hours and refusal to comply with the payroll compliance audit, the Funds are unable to determine the exact amount owed to the Fund.

20.     Further, for additional benefit contributions based on employer self-reporting to the Funds, several benefit contributions were untimely made, thereby rendering Defendant liable for interest on the late principal as per the Agreements.

21.     Accordingly, Defendant is liable to the Funds for the payment and/or submission of the required monetary contributions to the Fund as aforesaid, and is liable for the additional amount of said statutory damages, liquidated damages, together with reasonable attorneys' fees, interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to Section 502 of E.R.I.S.A. (29 U.S.C. § 1132).

## AS AND FOR A THIRD CLAIM FOR INJUNCTIVE RELIEF
### (FUND'S CLAIM FOR BREACH OF ERISA)

22.     The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 21 of this Complaint, as if fully set forth herein.

23.     Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay benefit contributions in accordance with the terms and conditions of the Agreements.

24.      The Agreements, Fund's Declarations of Trust, and Fund's Collections Policies mandate that Defendant report the hours worked of each covered employee into the Fund's Electronic Self-Service System. This is the sole method for the Fund to determine what contributions are owed, and for whom.

25.      In violation of the Agreements, Declarations, and Collections Policies, Defendant

has failed to upload the hours for covered employees, for the time period January 1, 2017

through the date of this filing,  rendering the Funds unable to provide  benefits for Defendant's

covered employees, or collect employee benefit contributions based on these reports.

26.      Upon information and belief,  Defendant has failed to upload its employees'

hours because it wishes to shirk its obligations under the Agreements and avoid liability for the

unpaid employee benefit contributions that will become evident once these reports are submitted.

27.      Accordingly, pursuant to the terms and conditions of the Agreement,

the Funds demand an Order directing Defendant to upload all missing employee information into

the Funds' Electronic Self-Service System, and make any associated principal and inetrest created

due to these reports.

### AS AND FOR A FOURTH CLAIM FOR RELIEF
### (FUND'S CLAIM FOR BREACH OF CONTRACT UNDER SECTION 301)

28.      The Fund repeats and realleges each and every allegation contained in paragraphs

1 through 27 of this Complaint as if set forth fully therein.

29.      Defendant is obligated, pursuant to the terms of the Agreement, Funds'

Declaration of Trust and Fund's Collection Policy, to permit and cooperate in the conducting of

audits of the books and records of Defendant by the Funds. If employers do not cooperate, the

Fund is entitled to, *inter alia*, audit fees should litigation prove necessary to compel compliance.

30.      The Fund's Auditing Firm commenced an audit for the time period of January 1,

2017 through June 30, 2019.

31.      At all times material herein, Defendant has failed and refused to fully cooperate

with the audit of its books and records.

32.      The failure, refusal or neglect of Defendant to make the required contributions to

7

the Fund constitutes a violation of the Agreement between Defendant and the Union, the Funds'
Declarations of Trust and Fund's Collections Policies.

33.     Accordingly, pursuant to the terms and conditions of the Agreement,
the Funds demand an Order directing Defendant to permit and cooperate with the Fund and/or its
designated representatives in the conduct of the aforesaid audit of Defendant's books and records
and, should there be any findings, make payment of the unpaid balances, plus interest, liquidated
damages, attorney's fees and costs of suit.

## AS AND FOR A FIFTH CLAIM FOR RELIEF
### (FUND'S CLAIM FOR BREACH OF ERISA)

34.     The Funds repeat and reallege each and every allegation contained in paragraphs
1 through 33 of this Complaint as if set forth fully therein.

35.     Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay benefit
contributions in accordance with the terms and conditions of the Agreements. The Agreements,
Declarations of Trust and Fund's Collections Policies require Defendant to comply with payroll
compliance audits.

36.     The Funds Auditing Firm commenced an audit for the time period of January 1,
2017 through June 30, 2019.

37.     At all times material herein, Defendant has failed and refused to fully cooperate
with the audit of its books and records.

38.     Section 502 of ERISA (29 U.S.C. §1132) provides that, upon a finding of an
employer violation of 29 U.S.C. § 1145, the Court shall award to Plaintiffs, *inter alia*, relief that
includes an Order requiring that Plaintiff comply with a payroll compliance audits, and make full
payment of the principal, interest, and liquidated damages associated with any audit findings,

8

together with reasonable attorneys' fees and costs and distributions, including audit costs, incurred in the action.

WHEREFORE, plaintiff Funds demands judgment:

a.   against Defendant for payment of all past due contributions to date, in an amount of not less than $65,162.06,

b.   against Defendant for payment of all contributions which become due during the pendency of this action in accordance with ERISA  § 502(g)(2) and the Agreement,

c.   against Defendant for accrued prejudgment interest on all contributions, including those untimely made prior to filing of the present suit, in accordance with ERISA  § 502 (g)(2) and the Agreement,

d.   against Defendant  for statutory damages on all contributions now due and which accrue during the pendency of this action, liquidated damages, reasonable attorneys' fees and costs and disbursements in accordance with E.R.I.S.A. § 502(g)(2) and the Agreement;

e.   for an Order compelling Defendant to upload its missing employee hours into the Fund's electronic system, and to pay the associated contributions owed, plus interest, statutory damages, liquidated damages, reasonable attorneys' fees and costs of suit in accordance with E.R.I.S.A. § 502(g)(2) and the Agreement.

f.      for an Order requiring Defendant to permit and cooperate in the conduct of an audit by the Funds' auditor of the books and records of the Defendant, for the period January 1, 2017 through June 30, 2019, and to pay the associated contributions owed, plus interest, audit fees, statutory damages, liquidated damages, reasonable attorneys' fees and costs of suit in accordance with E.R.I.S.A. § 502(g)(2) and the Agreement.

g.   for such other and further relief as the Court deems just and proper.

9

Dated:   Fort Lee, New Jersey
         July 20, 2020

                                        RAAB, STURM & GANCHROW, LLP

                                        By:  _____
                                             Samuel R. Bloom (SB1988)
                                             Attorneys for Plaintiff Fund
                                             2125 Center Avenue
                                             Suite 100
                                             Fort Lee, New Jersey
                                             (Tel) 201-292-0150
                                             (Fax) 201-292-0152